UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ANNA KUZMENKO,<br><br>        Defendant. | No. 2:12-cr-00062 JAM<br><br>**ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE** |

This matter is before the Court on the United States of America's ("Government") Motion in Limine (Doc. #57) for the admission of business and public records. Defendant Anna Kuzmenko ("Defendant") opposes the motion (Doc. #74) and the Government filed a reply (Doc. #80).

                      I.   OPINION

A.   <u>Bank, Loan, and Escrow Records</u>

The Government "plans to introduce into evidence documents produced from banks and escrow companies." Mot. at 3. These records include "loan files for mortgages, uniform residential loan applications," "supporting documents such as certifications

1

of occupancy, deeds of trust, a rental agreement, wire records, bank statements, cashed or cancelled checks, deposit and withdrawal slips" as well as "records obtained from escrow companies relating to the purchase of four homes" by Defendant and her husband.  Mot. at 3-4.  Attached to the Government's motion are 13 certifications for these records, which purport to comply with Federal Rule of Evidence ("FRE") 902(11).

   Defendant objects to the admission of the bank, loan, and escrow records on several grounds.  Opp. at 1-5.  Defendant's objections to the Stewart Title escrow file for Tyrone Way and the Specialized Loan Servicing loan file can be dismissed without extensive discussion:  The Stewart Title escrow file certification does, in fact, identify "Stewart Title" as the certifying company, and the Government has submitted a revised 902(11) certification for the Specialized Loan Servicing loan file (Doc. #66).

   Defendant also objects to a number of certifications on the grounds that they reference a subpoena that was not provided in discovery.  Opp. at 4.  Defendant cites no authority for her argument that the Government must disclose the relevant subpoena for business records offered under FRE 803(6).  Moreover, the Government's voluntary disclosure of several subpoenas – attached to its reply brief – confirms the Court's conclusion that the subpoenas contain no information relevant to the Court's analysis under FRE 803(6) and 902(11).  Reply at 4.

   Finally, Defendant objects to a number of certifications from Bank of America, on the grounds that each "appears to be a form letter that does not specifically relate to the records it

2

1  is designed to lay the foundation for." Opp. at 2-3.  Defendant
2  does not further explain this objection, and acknowledges that
3  each Bank of America certification "appears to comply with FRE
4  902(11)." Opp. at 2-3.  The Court notes that several of the Bank
5  of America certification letters include specific descriptions of
6  the corresponding records, such as "checks, deposits, Ca teller
7  transfers [and] wire transfers." Doc. #57-1 at 3.  Moreover, the
8  Government represents that, in discovery provided to Defendant,
9  each 902(11) certification is immediately followed by the
10 corresponding records referenced in that certification.  Reply at
11 3-4.  Given this organization, Defendant should be able to
12 determine which records each certification references, even where
13 the certification describes the records in general terms.

14   Bank records, loan files, and escrow files are admissible as
15 business records, pursuant to FRE 803(6).  See, e.g., United
16 States v. Gardley, 2013 WL 4857691, at *1 (D. Nev. Sept. 10,
17 2013).  Provided that, in the discovery given to Defendant, each
18 FRE 902(11) certification is immediately followed by the
19 corresponding bank, loan, and escrow files, the records are self-
20 authenticating under FRE 902(11) and the Government need not call
21 a custodian-witness to lay foundation for this evidence.

22   B.  Deeds of Trust

23   The Government represents that it "may offer trustee's deeds
24 upon sale and notices of default that were recorded with the
25 Sacramento County Recorder's and Placer County's Recorder's
26 offices and have been sealed and signed." Mot. at 7.  Defendant
27 acknowledges that "these types" of documents may be self-
28 authenticating and admissible as public records.  Opp. at 5.

1  However, Defendant objects that "without the government stating
2  which documents it seeks to introduce, the court may not issue a
3  pre-ruling on its admissibility."  Opp. at 5.
4      Recorded deeds of trust and notices of default are
5  admissible under the public records exception to the rule
6  against hearsay, pursuant to FRE 803(8).  See, e.g., Lingad v.
7  Indymac Fed. Bank, 682 F.Supp.2d 1142, 1146 (E.D. Cal. 2010).
8  Although the Government has not identified the specific deeds of
9  trust and notices of default it intends to introduce, the Court
10 has been provided with sufficient information to rule on the
11 foundational admissibility of such documents.  Defendant cites
12 no legal authority for her argument to the contrary.  Provided
13 that the deeds of trust and notices of default have been
14 recorded, signed, and sealed, they are self-authenticating under
15 FRE 902(1) and the Government need not call a custodian-witness
16 to lay foundation for this evidence.
17      C.   Immigration A-file
18      The Government "plans to introduce documents from the
19 defendant's and her husband's immigration 'A-files,' which were
20 certified by the Department of Homeland Security."  Mot. at 7.
21 Defendant poses no foundational objection to this evidence.  Opp.
22 at 6.
23      Immigration A-files are self-authenticating under FRE 902(1)
24 and are admissible under the public records exception to the rule
25 against hearsay, pursuant to FRE 803(8).  United States v.
26 Hernandez-Herrera, 273 F.3d 1213, 1217 (9th Cir. 2001).  Provided
27 that the evidence meets the Government's description quoted
28 above, the Government need not call a custodian-witness to lay

4

foundation for the immigration A-files.

### D. Tax Returns

The Government "plans to introduce the certified tax returns for [Defendant] for the years 2006 and 2007." Mot. at 8. The Government represents that the tax returns are "sealed and signed as certified true copies." Mot. at 8. Defendant "objects to the admission of these records without a custodian of records to lay the proper foundation." Opp. at 6. Defendant maintains that "personalized tax returns simply do not qualify" as a hearsay-exception under FRE 803(8), but fails to provide any further legal analysis. Opp. at 6. Defendant also objects to the Government's citation to an unpublished Ninth Circuit case. Opp. at 6.

Certified tax returns "are admissible under the public records exception to the hearsay rule," pursuant to FRE 803(8). United States v. Stefani, 338 F. App'x 579, 581 (9th Cir. 2009) (unpublished). The Court notes that, pursuant to Ninth Circuit Rule 36-3, unpublished cases issued after 2007 are citable as persuasive authority. Provided that the tax returns are certified, sealed, and signed as true copies, the Government need not call a custodian-witness to lay foundation for this evidence.

### E. Driver's License

The Government "plans to introduce the certified DMV license printout for [Defendant]." Mot. at 8. The Government represents that it "bears the seal of the State of California and a signature purporting to be an execution or attestation." Mot. at 8. Defendant objects only to the Government's citation of an unpublished Ninth Circuit case, and does not address the merits

5

of the Government's argument. Opp. at 7.

Drivers' licenses are admissible under the public records exception to the rule against hearsay, pursuant to FRE 803(8). United States v. Cuesta, 2007 WL 2729853, at *15 (E.D. Cal. Sept. 19, 2007). Provided that the "DMV license printout" bears the seal of the State of California as well as a signature purporting to be an execution or attestation, the evidence is self-authenticating under FRE 902(1) and the Government need not call a custodian-witness to lay foundation for this evidence.

## II.  ORDER

For the reasons set forth above, the Court GRANTS the Government's Motion in Limine, on the condition that the evidence offered at trial meets the corresponding descriptions given in the Government's motion:

IT IS SO ORDERED.

Dated:  April 2, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE