UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No.  2:12-CR-00062 JAM |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL** |
| ANNA KUZMENKO, | |
| Defendant. | |

Defendant Anna Kuzmenko ("Defendant") was found guilty of two counts of wire fraud, 18 U.S.C. § 1343, at the conclusion of a jury trial on August 29, 2014.  The Defendant filed this Motion for a New Trial (Doc. #146), pursuant to Rule 33 of the Federal Rules of Criminal Procedure ("FRCP") on September 17, 2014.  The Government opposes this motion (Doc. #150), arguing that it is untimely and that it fails on the merits.  For the following reasons, Defendant's motion is DENIED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 28, 2014.

1

I.   OPINION

A.   Timeliness

FRCP 33 requires that a motion for new trial be filed within 14 days of the verdict.  As noted above, Defendant's motion was filed on September 17, 2014 – 19 days after the August 29, 2014 verdict.  Defendant's counsel maintains that she "fail[ed] to understand the rule correctly."  Reply at 2.  Specifically, Defendant's counsel notes that the motion was filed 14 days after she received an email notification that the verdict had been filed, on September 3, 2014.  Reply at 2.

FRCP 45 permits a district court to extend the time to file a motion upon a showing of "excusable neglect."  The Ninth Circuit has instructed courts to consider four factors in determining excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of the delay and impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith.  Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000).  Here, the danger of prejudice to the government, the length of the delay, and the impact on the proceedings are minimal.  Moreover, the reason for the delay was counsel's misunderstanding of the rule, and the Court credits counsel's representation that she acted in good faith.  Accordingly, the Court grants an extension under FRCP 45, and will not deny Defendant's motion because it was late filed.

B.   Ineffective Assistance

Defendant moves for a new trial, partially on the grounds of ineffective assistance of trial counsel.  Mot. at 3.  Defendant bases this claim on trial counsel's failure to call a mortgage

2

fraud expert and her failure to call a qualified cultural expert. Defendant's motion for a new trial was filed by Kelly Babineau, who also served as Defendant's counsel during trial.  The Government argues that the Court "should not adjudicate trial counsel's effectiveness in a Rule 35 motion litigated by the attorney whose effectiveness is at issue."  Opp. at 4.

The Ninth Circuit has noted that "when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding."  United States v. Steele, 733 F.3d 894, 897 (9th Cir. 2013).  However, this decision is within the sound discretion of the district court.  Id.  As recognized in Steele, there are a number of reasons why a district court would decline to reach the merits of an ineffective assistance claim prior to judgment, including: "the disruption of proceedings," "the scope of the evidentiary hearing that would be required to fully decide the claim," and the presentation of multiple "sources of . . . ineffective assistance."  Id.  For all of these reasons, and to avoid the potential conflict of interest in Ms. Babineau's arguing that her own trial performance was ineffective, the Court declines to consider the merits of Defendant's ineffective assistance claim.  The Court also notes that, while a court may choose to hear a claim of ineffective assistance when "the legal representation [was] so inadequate that it obviously denie[d] a defendant [her] Sixth Amendment right to counsel," Ms. Babineau's performance appeared to be just the opposite.  Id. at 897.  In the Court's opinion, Ms. Babineau vigorously defended her client

3

1   in this matter to the best of her ability.  Her skills as an
2   experienced trial attorney were readily apparent and Defendant
3   was well served by Ms. Babineau's appointment.  While it is not
4   uncommon to see second-guessing following trial, it is not
5   appropriate and carries little weight in this case.  Ms.
6   Babineau's work was of the highest quality seen by this Court.
7       C.   <u>Discovery Violations</u>
8       Defendant also argues that she is entitled to a new trial
9   because of the Government's failure to give advance notice that
10  Special Agent Christopher Fitzpatrick would testify that
11  Defendant spoke English at the time of her arrest in 2012 and her
12  husband's arrest in 2014.  The Court denies Defendant's motion on
13  this ground for the following reasons.  First, Special Agent
14  Fitzpatrick's testimony on this point was largely cumulative, as
15  two other witnesses also testified to Defendant's ability to
16  speak English during the relevant time period.  Second, the
17  improper testimony was struck by the Court, and the jury was
18  admonished to disregard that testimony.  Third, the Court finds
19  that pretrial disclosure of this testimony would likely not have
20  resulted in a different verdict.

## II.   ORDER

23      For the reasons set forth above, the Court DENIES
24  Defendant's Motion for a New Trial.
25      IT IS SO ORDERED.
26  Dated: October 27, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE