UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ANNA KUZMENKO,<br><br>Movant. | No. 2:12-cr-0062 JAM CKD<br><br><br><br>ORDER |

On March 16, 2018, movant filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 or, alternatively, a coram nobis petition through counsel. ECF No. 214. Currently pending before the court are movant's pro se motion to amend her 28 U.S.C. § 2255 motion/coram nobis petition as well as a motion to appoint counsel and an interpreter. ECF Nos. 227, 230. Movant also filed a proposed amended 28 U.S.C. § 2255 motion/coram nobis petition. ECF No. 228.

**I.    Motion to Amend**

In the motion to amend, movant seeks leave of court to amend her 28 U.S.C. § 2255 motion/coram nobis petition pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Movant asserts that the original § 2255 motion/coram nobis petition was protectively filed to avoid a statute of limitations bar and failed "to clarify petitioner's claims." The amended § 2255 motion/coram nobis petition contains three separate claims for relief, all based on the asserted

ineffectiveness of movant's trial counsel. See ECF No. 228.

Respondent has not filed an opposition to the motion to amend although it has already filed its opposition to movant's original § 2255 motion/coram nobis petition. See ECF No. 223.

Federal Rule of Civil Procedure 15(a) "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases." James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000) (quotation marks and citation omitted). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires" even after a responsive pleading has been filed. Denial of a motion for leave to amend a pleading is proper only when "there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted).

In this case, movant seeks to expand the number of ineffective assistance of counsel claims in her amended § 2255 motion/coram nobis petition. While the amended claims for relief reference many of the same facts included in the original § 2255 motion/coram nobis petition, the court cannot say at this juncture that pleading separate claims for relief in the amended § 2255 motion/coram nobis petition is redundant or futile, especially since the original motion was filed by counsel and is therefore not entitled to be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (adopting a liberal construction rule for pro se pleadings). Additionally, there is no evidence of any undue delay or bad faith on the part of movant. In fact, she previously filed a motion to amend along with a proposed amended § 2255 motion/coram nobis petition on May 17, 2018. See ECF Nos. 221, 222. However, the court disregarded the motion at that time because the docket reflected that she was still represented by counsel. Movant's counsel's appointment was subsequently terminated by the district court judge. See ECF No. 229. Accordingly, it is now proper to consider movant's pro se motion to amend that was refiled without delay or dilatory motive. For all these reasons, the court will grant movant's motion to amend her § 2255 motion/coram nobis petition.

## II. Motion for the Appointment of Counsel/Interpreter

On September 11, 2018, movant filed a motion for the appointment of counsel and an interpreter. There currently exists no absolute right to appointment of counsel in § 2255 proceedings. See, e.g., Irwin v. United States, 414 F.2d 606 (9th Cir. 1969). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2255 Proceedings. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this time.

To the extent that movant also requests that the court appoint an interpreter to help her file a reply to the government's opposition, the court will deny the request. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress...." Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir.1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). The Court Interpreters Act provides that an interpreter be appointed "in judicial proceedings instituted by the United States...." 28 U.S.C. § 1827(b)(3). "The term 'judicial proceedings instituted by the United States' as used in this section refers to all proceedings, whether criminal or civil, including pretrial and grand jury proceedings (as well as proceedings upon a petition for writ of habeas corpus initiated in the name of the United States by a relator) conducted in, or pursuant to the lawful authority and jurisdiction of a United States district court." 28 U.S.C. § 1827(j). The instant 28 U.S.C. § 2255 motion/coram nobis petition was initiated by movant and is not a habeas corpus petition initiated in the name of the United States. While 18 U.S.C. § 3006A(e) authorizes payment of "other services necessary for adequate representation," it does so only after counsel has been appointed. In this case, movant is proceeding without counsel and has failed to provide any statutory authority for the appointment of an interpreter at public expense at this stage in the proceedings. Additionally, the court notes that movant's pro se pleadings are clear and concise and cite relevant legal authority. Based on this record, there is no demonstrated need or good cause shown for an interpreter.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's motion for leave to file an amended 28 U.S.C. § 2255 motion (ECF No 227) is granted.
2. Respondent is directed to file an answer to the amended 28 U.S.C. § 2255 motion within sixty days of the effective date of this order.
3. Movant's traverse, if any, is due on or before thirty days from the date respondent's answer is filed.
4. Movant's request for appointment of counsel (ECF No. 230) is denied without prejudice.
5. The request for the appointment of an interpreter (ECF No. 230) is denied.

Dated: October 10, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kuzm0062.207(2)

4