UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA KUZMENKO,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:12-cr-00062-TLN-CKD-1<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a former federal inmate proceeding pro se in this post-conviction proceeding. ECF No. 228. Respondent has filed an opposition and the time for movant to file a reply has expired. For the reasons outlined below, the undersigned recommends denying movant's motion to vacate, set aside or correct sentence based on lack of jurisdiction and denying the alternative coram nobis application on the merits.

I.   **Factual and Procedural History**

On August 29, 2014, a jury convicted movant of two counts of wire fraud in violation of 18 U.S.C. § 1343 as charged in the indictment. ECF No. 140, 145. Prior to sentencing, movant filed a motion for a new trial arguing, in part, that she received ineffective assistance of counsel for failing to call a mortgage fraud expert and a cultural expert to testify at trial.[1] See ECF No.

---

[1] The court notes that this motion was filed by trial counsel who argued her own ineffectiveness.

1

146. At 3-5.  On August 25, 2015, she was sentenced to time served plus 24 months of supervised release on each count, to run concurrently.  See ECF No. 189 at 3 (Judgment and Commitment Order).

Movant appealed her conviction on September 7, 2015.  ECF No. 190.  The Ninth Circuit Court of Appeal affirmed her conviction on December 16, 2016.  See ECF No. 198 (unpublished memorandum decision).  On August 29, 2017 she filed a motion for a new trial based on newly discovered evidence pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure.  ECF No. 200.  This motion was denied following a hearing on March 13, 2018.  ECF No. 213.  Movant separately appealed the denial of the Rule 33 motion to the Ninth Circuit Court of Appeals.  See ECF No. 216.  On November 30, 2018, the Court of Appeal affirmed the denial of her post-judgment motion for a new trial.  See ECF No. 234 (unpublished memorandum decision).

Movant filed her original motion to amend, vacate or set aside the conviction pursuant to 28 U.S.C. § 2255 or, alternatively, a petition for writ of error coram nobis on March 16, 2018.  ECF No. 214.  She subsequently filed an amended motion and/or writ of error coram nobis that is the operative pleading before the court.  ECF No. 228.  Movant submits that as a result of her criminal conviction, she was placed in immigration removal proceedings "on or about May 16, 2017," and is required to wear an ankle monitor.  ECF No. 228 at 1; see also ECF No. 214-3 (Declaration of Jeffrey L. Staniels).  She submits that even though she completed her sentence of supervised release in her criminal case, she still meets the "in custody" requirement for filing a post-conviction motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255.  ECF No. 228 at 1-2.  She alternatively seeks relief based on the common law writ of error coram nobis.  ECF No. 228 at 2.  Substantively, movant contends that she was denied the effective assistance of counsel prior to trial because counsel failed to relay a *hypothetical* plea offer to misprision of a felony which she would have accepted because it is a non-deportable offense.  ECF No. 228 at 4 (emphasis added).  Similarly, movant also faults counsel for "prematurely ending plea negotiations with the government without relaying the *hypothetical* offer" of misprision.  Id. (emphasis added).   Lastly, movant asserts that counsel was ineffective for failing

2

to explain her Fifth Amendment privilege not to be compelled to testify against her husband which was against her personal beliefs. Id. Had movant known that she could have simply pleaded guilty to both counts of wire fraud without testifying against her husband, she would have done so and could have gained two levels off the Sentencing Guidelines for acceptance of responsibility. Id. As a remedy for these violations of her Sixth Amendment right to the effective assistance of counsel, movant seeks to vacate her criminal conviction in order to avoid the resulting immigration consequences.

Respondent filed an opposition asserting that movant does not meet the custody requirement for a § 2255 motion. ECF No. 232. Specifically, respondent points out that movant's sentence has expired because she was released on time served and her period of supervised release ended prior to the time that she filed the pending § 2255 motion. ECF No. 232 at 5-6 (citations omitted). Even assuming that movant's ankle monitor constitutes detention for immigration purposes, that is not considered "in custody" for purposes of § 2255 relief. ECF No. 232 at 6 (citations omitted). As a result, the court should dismiss her § 2255 motion for lack of jurisdiction. Movant's alternative request for coram nobis relief should be denied because she does not provide any reason for the delay in raising these claims. ECF No. 232 at 7-8. "As evidenced in her own declaration, these facts that were known to [movant] long before she filed the present motion and which existed at a time when she was still on supervised release (including after her appeal was decided)." ECF No. 232 at 7. She did not raise these particular ineffective assistance of counsel claims in any of her post-verdict motions or even in her direct appeal. ECF No. 232 at 7-8 (citing ECF Nos. 146, 200). Even if the court reviews her ineffective assistance of counsel claims on the merits, movant is still not entitled to any relief because they are all based on hypothetical plea alternatives which the record does not support were ever offered. ECF No. 232 at 8-11. "In this case, it is undisputed that there never [w]as any formal plea offer made to [movant], including one to an uncharged felony of misprision of [a] felony…, either as part of a package deal with her husband or separately." ECF No. 232 at 10. In light of the speculative nature of the claims, there is no prejudice that can be demonstrated. ECF No. 232 at 11-15. As a result, movant's alternative request for coram nobis relief should be denied.

**II.   Analysis**

Petitioner filed the instant action in the alternative. As a result, the court addresses the availability of relief via a § 2255 motion to vacate, set aside or correct sentence as well as a petition for writ of error coram nobis.

**A. Section 2255 Motion**

Respondent correctly notes that movant's criminal conviction had fully expired by the time she filed the original § 2255 motion in this case. The sentence she received, including the period of supervised release, had been fully served by the time of filing. See Maleng v. Cook, 490 U.S. 490, 491-92 (1989) (emphasizing that "[w]hile we have very liberally construed the 'in custody' requirement for purposes of federal habeas...[,] [w]e have never held... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original). Movant does not dispute this, but points to the restraint on her liberty as a result of the immigration proceedings to meet the "in custody" requirement for federal habeas relief. The Supreme Court explained that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it. Maleng, 490 U.S. at 492 (citing Carafas v. LaVallee, 391 U.S. 234 (1968)). Therefore, the undersigned finds that movant's immigration consequences constitute a collateral consequence of her conviction and cannot be used to satisfy the "in custody" requirement of 28 U.S.C. § 2255. See, e.g., Ogunwomoju v. United States, 512 F.3d 69, 74–75 (2d Cir. 2008) (holding that detention for purposes of immigration policy based on state conviction does not make up basis for habeas corpus relief pursuant to 28 U.S.C. § 2254 when state sentence has unconditionally expired); United States v. Esogbue, 357 F.3d 532, 533–34 (5th Cir. 2004) (finding that coram nobis relief was only available remedy where petitioner had served his entire federal sentence and the only custody involved INS detention during removal proceedings); Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) (finding that "[b]ecause Kandiel's sentence was fully expired by the time he filed his section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is

not 'in custody' for purposes of section 2255."). Moreover, Section 2255's custody requirement is jurisdictional. As a result, this court recommends denying movant's amended motion to vacate, set aside, or correct sentence based on lack of jurisdiction.

### B. Coram Nobis Relief

The extraordinary writ of coram nobis is available when the following four requirements are satisfied: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of the most fundamental character."[2] Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987); see also United States v. Kwan, 407 F.3d 1005, 1011 (9th Cir. 2005); Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). In reviewing a motion for coram nobis relief, a federal court is required to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); United States v. Taylor, 648 F.2d 565, 573, n. 25 (9th Cir. 1981) (stating that "[w]hether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions."). In deciding whether a § 2255 movant is entitled to an evidentiary hearing, the district court should determine whether, accepting the truth of movant's factual allegations, he could prevail on his claim. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994). The court may deny an evidentiary hearing on a § 2255 motion "if the petitioner's allegations, viewed against the record, fail to state a claim or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (citations omitted). The court will use these same principles in reviewing petitioner's allegations in the coram nobis petition and in resolving whether an evidentiary hearing is required in the instant case. See Taylor, 648 F.2d at 573 n. 25.

Turning to movant's alternative request for coram nobis relief, the court finds that movant

---

[2] In United States v. Morgan, 346 U.S. 502, 511 (1954), the Supreme Court characterized the writ of coram nobis as an "extraordinary remedy" that should be granted "only under circumstances compelling such action to achieve justice."

has not provided any explanation for her delay in challenging her conviction on the ineffective assistance of counsel claims currently before the court. As explained earlier, coram nobis relief is only available if "valid reasons exist for not attacking the conviction earlier" and petitioner bears the burden of justifying his delay. See Hirabayashi, 828 F.2d at 604; Kwan, 407 F.3d at 1014 ("The law does not require [petitioner] to challenge his conviction at the earliest opportunity, it only requires [petitioner] to have sound reasons for not doing so."); United States v. Riedl, 496 F.3d 1003, 1007–08 (9th Cir. 2007). The record in this case is entirely bare of any explanation for movant's delay between May 16, 2017 when she was placed in immigration removal proceedings and March 16, 2018 when she filed the pending coram nobis petition. During that time period, she had counsel who filed a post-conviction motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure. It was only after her Rule 33 motion was denied, that the present coram nobis petition was filed alleging ineffective assistance of counsel during plea negotiations. The undersigned concludes that movant has not met her burden of demonstrating valid reasons for not attacking her conviction earlier.[3] There is simply no explanation in the record. Absent such evidence, the undersigned further finds that an evidentiary hearing is not warranted in this case because even accepting movant's allegations as true, coram nobis relief is not available due to this unexplained delay. See United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994).

     This conclusion is further supported by the Ninth Circuit decision in United States v. Riedl, 496 F.3d 1003 (9th Cir. 2007). The petitioner in Riedl waited more than 6 years to file her coram nobis petition raising a vagueness challenge to the money laundering statute under which she was convicted as well as a sufficiency challenge to the evidence against her. The Ninth Circuit found that this delay was not excused by her incarceration, deportation to Austria, diminished mental capacity, or the time it took her "to find competent counsel willing to review her case and pursue her legal remedies…." Id. at 1005. The Court of Appeal reviewed these

---

[3] In light of the court's finding that movant lacks valid reasons for not attacking her conviction earlier, it is unnecessary to decide whether movant received ineffective assistance of counsel during plea negotiations. See Hirabayashi, 828 F.2d at 604.

factors both individually and in combination and concluded that Riedl "failed to provide any valid reasons for waiting so long to challenge her convictions on these grounds…." Id. at 1004. In so doing, the Court of Appeal emphasized that there was no legal impediment to presenting the underlying claims earlier via a direct appeal or a 28 U.S.C. § 2255 motion. Id. at 1006. Likewise, in movant's case, there was no impediment to raising these particular ineffective assistance of counsel claims earlier.

For all these reasons, the undersigned recommends denying movant's alternative coram nobis petition.

### III. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has concluded that you do not meet the custody requirement to challenge your conviction in a § 2255 motion. It is further recommended that your alternative request for coram nobis relief be denied based on the unexplained delay in filing it.

If you disagree with these recommendations, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the matter and will issue a final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied based on lack of jurisdiction.

2. Movant's alternative petition for writ of error coram nobis be denied based on movant's unexplained delay in filing it.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kuzm0062.F&R.coramnobis.docx