UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>ANNA KUZMENKO,<br><br>Defendant-Movant. | No.  2:12-cr-00062-DAD-CKD-1<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING BOTH DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND HER ALTERNATIVE APPLICATION FOR A WRIT OF ERROR CORAM NOBIS<br><br>(Doc. Nos. 214, 221, 222, 227, 228) |

On August 29, 2014, movant Anna Kuzmenko was convicted following a jury trial of two counts of wire fraud in violation of 18 U.S.C. § 1343.  (Doc. Nos. 140, 145.)  On August 25, 2015, she was sentenced to a term of imprisonment of time served followed by a 24-month term of supervised release on each count, with those supervised release terms to run concurrently.  (Doc. No. 189 at 3.)

Movant appealed from her judgment of conviction on September 7, 2015 and, on December 16, 2016, the Ninth Circuit affirmed her conviction.  (Doc. Nos. 190, 198.)  On August 29, 2017, movant Kuzmenko filed a motion for a new trial based on purported newly discovered evidence and that motion was denied following a hearing on March 13, 2018.  (Doc. Nos. 200,

1

213.) Movant appealed from the denial of that motion for a new trial and the Ninth Circuit again affirmed on November 30, 2018. (Doc. Nos. 216, 234.)

While that second appeal was pending, on March 16, 2018, proceeding through counsel, movant Kuzmenko filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 and, alternatively, for a writ of error coram nobis to issue. (Doc. No. 214.) On May 17, 2018, movant filed on her own behalf a motion to amend and an amended § 2255 motion with the same alternative writ request. (Doc. Nos. 221, 222.) Those motions were terminated by the court on May 23, 2018 as duplicative of her original motion and because she was still represented by counsel at the time of their filing. On August 28, 2018 (in response to the assigned magistrate judge's order of August 13, 2018), movant filed the *pro se* amended § 2255 motion with the same alternative writ request that is now pending before the court. (Doc. Nos. 227, 228). On August 30, 2018, movant's appointed counsel was relieved and it was recognized by the court that she was proceeding *pro se* on the pending motion. (Doc. No. 229.) On November 28, 2018, the government filed its opposition to the pending motion. (Doc. No. 232.) Movant filed no reply in support of her motion.

On August 25, 2022[1], the assigned magistrate judge issued findings and recommendations recommending that movant's § 2255 motion be denied because she had fully served her entire sentence by the time the motion was filed and that jurisdiction was therefore lacking. (Doc. No. 238 at 4–5.) In addition, the magistrate judge recommended that movant's alternative request for coram nobis relief be denied based upon movant's unexplained and substantial delay in in presenting her claim that she had received ineffective assistance of counsel in connection with pretrial plea negotiations. (*Id.* at 5–7.) The pending findings and recommendations were served upon movant at her address of record and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (*Id.*) To date, movant has not filed any objections and the time in which to do so has long since passed.

/////

---

[1] On this same date this case was reassigned to the undersigned district judge. (Doc. No. 239.)

2

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (a petitioner must be "in custody," which includes supervised release and probation, when a federal habeas petition is filed); *United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014) (explaining that "[m]otions to vacate a sentence under 28 U.S.C. § 2255 are expressly available only to 'a prisoner in custody'" and "this issue is jurisdictional"); and *United States v. Kroytor*, 977 F.3d 957, 958-59 (9th Cir. 2020) ("We conclude that Kroytor is not entitled to coram nobis relief because, after learning that the only way he could avoid removal was to challenge his conviction, he waited two years, without a valid reason, before filing his petition for writ of error coram nobis. Specifically, we hold that uncertainty or ambiguity in the law is not itself a valid reason to delay seeking coram nobis relief."); *United States v. Riedl*, 496 F.3d 1003, 1004–08 (9th Cir. 2007).

Having concluded that the pending motion must be denied in its entirety, the court also declines to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, ... includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In this case, reasonable jurists cannot debate that the court lacks jurisdiction to grant relief as to movant's § 2255 motion and that her alternative request for coram nobis relief must be denied due to her unexplained delay in presenting that claim for relief. Therefore, this court will decline to issue a certificate of appealability.

/////

3

For these reasons:

1. The findings and recommendations filed on August 25, 2022 (Doc. No. 238) are adopted in full;
2. Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 228) is denied and dismissed based upon the court's lack of jurisdiction;
3. Movant's alternative request for a writ of coram nobis is denied due to movant's unexplained delay in presenting the underlying claim for relief;
4. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 27, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE